■ 127 KOREA HOUSE, INC., Respondent, v HOUSE OF KOREA, INC., Appellant, et al., Defendant. HOUSE OF KOREA, INC., Appellant, v 127 KOREA HOUSE, INC., et al., Respondents.—Judgment, Supreme Court, New York County, entered November 4, 1974, declaring that 127 Korea House, Inc., had no obligation to pay monthly rental of $2,600 and could recover prior monthly payments amounting to $78,000 and further declaring 127 Korea House, Inc., a month-to-month tenant of Hotel Woodstock, Inc., unanimously modified, on the law, without costs and disbursements, to the extent of directing that 127 Korea House, Inc., recover prior monthly payments commencing as of the date of the judgment of foreclosure (April 13, 1972) and, as so modified, the judgment is affirmed. It was expressly found by the trial court that 127 Korea House, Inc., the subtenant, pursuant to a written sublease, paid monthly rental directly to the prime lessor and also an additional $2,600 monthly to the House of Korea, Inc., the assignee of the lease between Transoceanic Enterprises, Inc., as tenant and the prime lessor. Patently, the prime lessor accepted the underletting to 127 Korea House, Inc., and effectively waived the provision in the prime lease requiring that the prime lessor's written consent be obtained. The sublet agreement under which 127 Korea House, Inc., entered into possession provides, *inter alia,* that House of Korea, Inc., would obtain the written consent of the prime lessor to the subletting. Under the circumstances herein, however, the fact that such written consent was not obtained does not serve to vitiate the subletting and may not be used by 127 Korea House, Inc., to avoid its additional rental obligation. By virtue of foreclosure, the interest of the

prime lessor and, as a consequence, the lease interests of both 127 Korea House, Inc., and House of Korea, Inc., were terminated. As of the date of the judgment of foreclosure, the obligation to make the monthly payments of $2,600 under the sublease ended. 127 Korea House, Inc., is, therefore, entitled to recover any such payments for the period subsequent to that date. Settle order on notice in accordance with the aforesaid. Concur— Kupferman, J. P., Lupiano, Tilzer, Lane and Nunez, JJ.